IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY DELGREGO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO.  19-5255 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                   June 19, 2020

Tracy Delgrego ("Plaintiff") seeks review of the Commissioner's decision denying her claim for Disability Insurance Benefits ("DIB").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand the case to the Defendant for consideration by a properly appointed Administrative Law Judge ("ALJ") other than the one who originally considered Plaintiff's claim.

**I.      PROCEDURAL HISTORY**

Plaintiff was born on May 27, 1964, and she applied for DIB on May 25, 2016, alleging disability as of September 26, 2014, due to an autoimmune disorder of an idiopathic etiology.  Tr. at 84-85, 227-28, 248, 257.  After her claim was denied initially, id. at 95-99, she requested a hearing before an ALJ, id. at 102-03, which took place on June 21, 2018.  Id. at 55-83.  On September 26, 2018, the ALJ denied Plaintiff's claim. Id. at 41-49.  On September 3, 2019, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's September 26, 2018 decision the final decision of the Commissioner.  20 C.F.R. § 404.981.

Plaintiff initiated this action by filing her complaint on November 7, 2019.  Doc. 2.  Plaintiff's request for review is now fully briefed.  Docs. 12 & 17.[1]

## II.   DISCUSSION

Plaintiff's sole argument is that the ALJ who considered her case was not properly appointed under the Appointments Clause and thus lacked the authority to preside and issue a decision.  Doc. 12 at 3-4 (citing Lucia v. SEC, 138 S. Ct. 2044 (2019)).  The Commissioner has responded with an uncontested motion for remand, requesting remand to allow further evaluation of Plaintiff's claims, including a new administrative hearing.  Doc. 17.  After reviewing the Plaintiff's brief, Defendant's motion, and the administrative record, I will grant Defendant's unopposed motion for remand, but require that the case be considered by an ALJ other than the one who previously considered Plaintiff's claims.

The Third Circuit recently ruled that a Lucia claim is not waived even if it was not raised at the administrative level, and that to remedy a Lucia error the court must remand to a properly appointed ALJ other than the ALJ whose decision is under review.  See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 159-60 (3d Cir. 2020).  Although the Commissioner does not address this claim in his motion, he does not dispute Plaintiff's representation that the ALJ was not properly appointed nor that the case should be referred to a different ALJ.  Doc. 17 at 1.  Thus, the case must be remanded and reassigned.

---

[1] Defendant consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018).  Plaintiff is deemed to have consented based on her failure to file the consent/declination form.  Docs. 3, 8, 9.

## III.  CONCLUSION

Under these circumstances, I will grant the Defendant's unopposed motion for remand, but in accordance with Cirko will require that the case be considered by a different ALJ.

An appropriate Order and Judgment Order follow.